## No. 1659.—WILLIAM PRATT *v.* L. R. DRAUGHON.

Where the evidence leaves it in doubt whether the parties engaged in cotton transactions du_ ring the late war did not fall within the prohibitions of trade and intercourse placed on citizens by the United States, the case will be remanded to give both parties an opportunity of offering evidence on the point.

APPEAL from the Sixth District Court, parish of St. Helena. *Ellis, J. J. E. Wilson,* for plaintiff and appellee. *T. C. W. Ellis,* for defendant and appellant.

HOWELL, J.   This is an action for the delivery or the value of seven bales of cotton of the weight of three thousand three hundred and twenty-five pounds, balance of fifteen bales alleged to have been deposited on twenty-ninth December, 1863, by plaintiff, a resident of the parish of East Baton Rouge, with defendant, a resident of the parish of St. Helena, and also for a balance of an account for goods and merchandise sold by plaintiff to defendant from November 19,.1863 to January 28, 1865.   The defense is a general and special denial, and the allegation that as agent of plaintiff, the defendant was engaged to purchase for and deliver cotton to the former at his residence, who furnished the funds and was to allow defendant one-half the net profits as well as pay him for his services, which were worth $600, and the half profits of the cotton already sold amount to $551 95, which, with other items for services, he claims in reconvention.

Judgment was rendered in favor of plaintiff for seven bales weighing two thousand eight hundred and fifty pounds, or their value, fixed at $855, and for $112 75, with interest from twenty-eighth January, 1865, recognizing and allowing defendant's right to one-half of the profits, if any, on the eight bales delivered and rejecting the reconventional demand, from which defendant appealed.

Our attention is called to the bill of exception taken to the refusal of the District Judge to order the plaintiff to answer an interrogatory, as to whether he had during the war taken an oath of allegiance to the United States, the object being to prove that he was a citizen of the United States, then at war with the Confederate States, of which defendant was at the time a citizen and had been a soldier.   The court did not err.   The fact was totally irrelevant to the issue, and the object one which a court could not entertain as between citizens.

But the evidence in the record has raised a very strong presumption that the intercourse and dealings between the parties were prohibited by acts of Congress and proclamations of the President of the United States, and we feel it our duty to reverse the judgment and remand the cause, to enable the parties to remove any doubt on this point, and to establish the weight and value of the cotton, if plaintiff is entitled to it, and to settle the compensation of defendant, if any, under the pleadings.

It is therefore ordered that the judgment appealed from be reversed and the cause remanded to be proceeded in according to law.   Plaintiff to pay costs of appeal.